UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES O'NEIL WIGGIN,<br><br>                     Plaintiff,<br><br>  v.<br><br>WILLIAM ROLLINS, R. BEDNACZYK, RICHARD ENDERS, BO GUESCHEL, MARK BEITER, MARY KEPPLER, ROBERTA KANIVE, TIM PANEK, YELENA BROKHIS, SHERYL ALBERT, FRANK LANGANO, KELLY REMY, MARTHA NEWLON, FRED NAVARRO, J. DAVID KENNEDY, STEVE HAMMOND, LONIE FIGUEROA, JOHN DOMINOSKI, RANDALL PIERCE, SARAH SMITH, DEAN KAO, FLO FADELE, JOHN DOE NOS. 1-2,<br><br>                     Defendants. | No. C13-5057 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted For: February 22, 2013 |

      Plaintiff James O'Neil Wiggin is presently confined at the Stafford Creek Corrections Center (SCCC). On February 1, 2013, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 4) and directed service of Plaintiff's civil rights complaint (ECF No. 8). At the time he filed his proposed complaint, Plaintiff filed a Motion for Preliminary Hearing on Injunctive Relief. ECF No. 7. He seeks a Court Order directing the Department of Corrections or the Defendants to "allow him access to a qualified expert to assess his sinus injury." *Id.*

REPORT AND RECOMMENDATION - 1

*Id.* Defendants have not been served with this motion. The undersigned recommends that the Plaintiff's motion be stricken from the Court's docket at this time. The Court does not reach the merits of Plaintiff's motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

If Plaintiff seeks relief from the Court, he must set forth his requests in a pleading or motion and that he must serve copies of all pleadings and motions on all Defendants through their counsel of record pursuant to Fed. R. Civ. P. 5(b)(1). Pursuant to Fed. R. Civ. P. 5(d), Plaintiff is also required to attach and file a certificate of service stating that he has served all Defendants with the pleading and/or motion every time he files and serves a document. Unless otherwise ordered by the Court, all motions will be decided without oral argument and parties are not to appear on the date the motion is noted unless directed. CR 7(b)(4).

Accordingly, the undersigned recommends that Plaintiff's motion (ECF No. 7) be **stricken from the Court's docket.** Plaintiff may file a motion for temporary restraining order and serve it on all Defendants. Plaintiff should keep in mind that any issues raised in any such motion must be related to the issues raised in his complaint and he must establish the following:

REPORT AND RECOMMENDATION - 2

(1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)).  If Plaintiff does re-file his motion, he must also file a certificate of service stating he has served all Defendants, through their counsel, with the motion. The motion may be scheduled on the Court's calendar for the third Friday after filing and service of the motion.

## CONCLUSION

The undersigned recommends that the Plaintiff's motion for preliminary hearing on injunctive relief (ECF No. 7) be **stricken** from the Court's docket.  The Court does not reach the merits of the Plaintiff's motion.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 22, 2013**, as noted in the caption.

**DATED** this 6th day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3