UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O'NEIL WIGGIN,

        Plaintiff,

  v.

WILLIAM ROLLINS, R. BEDNACZYK, RICHARD ENDERS, BO GUESCHEL, MARK BEITER, MARY KEPPLER, ROBERTA KANIVE, TIM PANEK, YELENA BROKHIS, SHERYL ALBERT, FRANK LONGANO, KELLY REMY, MARTHA NEWLON, FRED NAVARRO, J. DAVID KENNEDY, STEVE HAMMOND, LONIE FIGUEROA, JOHN DOMINOSKI, RANDALL PIERCE, SARAH SMITH, DEAN KAO, FLO FADELE, JOHN DOE NOS. 1-2,

        Defendants.

CASE NO. C13-5057 BHS/KLS

ORDER DENYING MOTION FOR COUNSEL

Before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 6.  Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

1  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

2  U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

3  *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

4  circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

5  the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

6  issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

7  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

8  has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

9  articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

10  1101, 1103 (9th Cir. 2004).

11       That a *pro se* litigant may be better served with the assistance of counsel is not the test.

12  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues

13  involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further

14  facts during litigation.  But, if all that was required to establish the complexity of the relevant

15  issues was a demonstration of the need for development of further facts, then practically all cases

16  would involve complex legal issues.  *Id.*

17       Plaintiff states that he is unable to afford counsel and has not been able to obtain counsel.

18  ECF No. 6.  He also states that his imprisonment will greatly limit his ability to litigate, that the

19  issues involved are complex, and that his legal knowledge and access to the law library are

20  limited.  *Id.*, p. 1.  These are not exceptional circumstances.  Plaintiff filed his complaint *pro se*

21  and has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable

22  to this Court.  Based on Plaintiff's allegations, the Court notes that this is not a complex case

23  involving complex facts or law.  In addition, Plaintiff presents no evidence to show that he is

24  likely to succeed on the merits of his case.  While Plaintiff may not have vast resources or legal

1  training, he meets the threshold for a pro se litigant.  Concerns regarding investigation, access to

2  legal resources or examination of witnesses are not exceptional factors, but are the type of

3  difficulties encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate

4  an inability to present his claims to this Court without counsel.

5      Accordingly, it is **ORDERED:**

6      (1)    Plaintiff's motion for counsel (ECF No. 6) is **DENIED.**

7      (2)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

9      **DATED** this  6th  day of February, 2013.

Karen L. Strombom
United States Magistrate Judge