.UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES O'NEIL WIGGIN,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM ROLLINS, R. BEDNACZYK, RICHARD ENDERS, BO GUESCHEL, MARK BEITER, MARY KEPPLER, ROBERTA KANIVE, TIM PANEK, YELENA BROKHIS, SHERYL ALBERT, FRANK LONGANO, KELLY REMY MARTHA NEWLON, FRED NAVARRO, J. DAVID KENNEDY, STEVE HAMMOND, LONIE FIGUEROA, JOHN DOMINOSKI, RANDALL PIERCE, SARAH SMITH, DEAN KAO, FLO FADELE, JOHN DOE NOS. 1-2,<br><br>    Defendants. | CASE NO. C13-5057 BHS/KLS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY AND GRANTING MOTION TO STAY SUMMARY JUDGMENT |

Defendants move the Court for an order staying all discovery pending resolution of their motion for summary judgment, which is currently noted for June 28, 2013. ECF No. 33. Plaintiff opposes the stay and asks the Court to stay Defendants' motion for summary judgment until completion of discovery. ECF No. 34. Plaintiff also filed a motion for extension of time to file a response to Defendants' motion (ECF No. 37) and motion to expedite his motion for extension (ECF No. 38).   The Court finds that the motion to stay discovery should be denied and that Defendants' motion for summary judgment re-noted by the defendants after the parties have had an opportunity to engage in discovery.

ORDER - 1

**BACKGROUND**

On February 1, 2013, Plaintiff , filed a complaint against several Washington Department of Corrections (DOC) employees regarding his medical care while incarcerated in the DOC. ECF No. 5. He alleges he was injured on May 28, 2010 when he tried to cross the gymnasium And accidentally collided with another offender who was playing handball. *Id.*, p. 5. Plaintiff alleges that as a result of the collision, he suffers from a collapsed sinus wall and that due to this injury, he is unable to sleep, has chronic headaches, and is blowing blood out of his nostrils. *Id.*, p. 19. Plaintiff also alleges that the injury has caused him to have a constant parched mouth and that he suffers from mental duress. *Id.*, p. 21. Plaintiff contends that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights when they denied him adequate medical care for his collapsed sinus wall. *Id.*, p. 23. He also alleges that unidentified Defendants who were on duty in the gymnasium violated his Eighth Amendment rights by failing to provide him with a safe passage across the gymnasium. *Id.*, p. 23. In addition to monetary damages, Plaintiff seeks declaratory and injunctive relief. *Id.*, p. 22.

On April 2, 2013, Defendants filed a motion for summary judgment arguing there was no material issue of fact regarding the medical care provided to the Plaintiff and that the Defendants are entitled to qualified immunity. ECF No. 23; ECF No. 24.

On April 23, 2013, Plaintiff filed a motion for extension of time to file his response. ECF No. 26. Defendants did not oppose this motion (ECF No. 30), and it was granted. ECF No. 31.

At the time Defendants filed their motion for summary judgment, discovery had not yet begun. The discovery deadline of October 4, 2013 was established in the Court's April 9, 2013 Scheduling Order. ECF No. 26. On April 29, 2013 and May 2, 2013, Plaintiff served Defendants with discovery, but Defendants have not yet provided Plaintiff with answers. ECF

No. 33-1, Declaration of Candie M. Dribble, p. 1. On May 9, 2013, Defendants asked Plaintiff to agree to a stay of discovery pending their motion for summary judgment because Defendants had "capitulated to many of the items" in Plaintiff's discovery request and Plaintiff "had direct access to any additional medical records that were not included in the motion." ECF No. 33-1, Dribble Declaration, p. 2. When Plaintiff refused to agree to the stay, Defendants filed their motion to stay on May 13, 2013. ECF No. 33.

## DISCUSSION

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). Upon showing of good cause, the court may deny or limit discovery. Fed.R.Civ.P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir.1989), *amended at* 906 F.2d 465 (9th Cir.1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir.1984). When government officials raise the issue of qualified immunity, discovery should not proceed until this threshold issue is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Anderson v. Creighton*, 483 U.S. 635 646, 107 S.Ct. 3034, 97 L.Ed.2d 523 n .6, 483 U.S. 635, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987), *DiMartini v. Ferrin, supra*, 889 F.2d at 926. The *Harlow* qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S.at 817.

However, *Harlow's* qualified immunity discovery restriction is not applicable to equitable relief. *See Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1175–76 (9th Cir.1984). "A present declaration of immunity from damage claims cannot avoid the diversion of [the officials'] attention from other official duties which the litigation [of the equitable claims] will occasion." *Bever v. Gilbertson*, 724 F.2d 1083, 1087 (4th Cir.1984). Thus to the extent Plaintiff seeks

discovery relating to his claims for equitable relief, Defendants' request for a stay of discovery is without merit. As a practical matter, such a stay would be meaningful only if the damages discovery was significantly different from the discovery directed to the equitable claims. In this case it is not.

Rule 56 also allows the court to issue an order, as is just, denying the motion for summary judgment or ordering a continuance for the opposing party to pursue discovery. Fed. R.Civ. P. 56. At the time Defendants filed their motion for summary judgment, discovery had not yet begun. In fact, the parties still have four months to complete discovery. ECF No. 26. Plaintiff served Defendants with discovery within one month after the Scheduling Order was issued, but Defendants have not yet provided their answers. ECF No. 33-1, Declaration of Candie M. Dribble, p. 1. Instead, Defendants asked Plaintiff to agree to a stay of discovery pending their motion because Defendants had "capitulated to many of the items" in Plaintiff's discovery request and Plaintiff "had direct access to any additional medical records that were not included in the motion." ECF No. 33-1, Dribble Declaration, p. 2. It is unclear to the Court what matters have been capitulated to and Plaintiff disputes his access to additional medical records. Without these records, Plaintiff argues that he cannot rebut Defendants' motion, which is based on their contention that Plaintiff's care was based on records and information available to them that suggested no further care was necessary for his sinus injury. He states that he has been given very limited access to his medical records and that Defendants have not produced all relevant medical records. He also seeks discovery relating to the defendants' participation or non-participation in the medical committee decisions denying him treatment intervention for medication, referral to a specialist, nasal spray, and CT scan. ECF No. 35. With this discovery, he claims that he can determine which defendants can be deleted from his lawsuit.

While discovery would normally be stayed pending a ruling of qualified immunity, the Court is not inclined to do so here where Plaintiff's claim is for the violation of clearly established law.  Defendants' claim to qualified immunity is based entirely on Plaintiff's failure to provide proof that Defendants violated his Eighth Amendment rights.  However, Plaintiff has been denied a meaningful opportunity to conduct discovery and in particular, to discover any facts or information necessary in drafting an opposition.

Accordingly, it is **ORDERED:**

1) Defendants' motion to stay discovery (ECF No. 33) is **denied.**  Plaintiff's motion to stay Defendants' motion for summary judgment until completion of discovery (ECF No. 34) is **granted.**

2) The noting date of Defendants' motion for summary judgment (ECF No. 23) is **stricken.**  Defendants may re-file their motion following the completion of discovery.

3) Plaintiff's additional motions (ECF Nos. 37 and 38) are **denied as moot.**

**DATED** this 7th day of June, 2013.

Karen L. Strombom
United States Magistrate Judge