UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O'NEIL WIGGIN,

        Plaintiff,

  v.

WILLIAM ROLLINS, R. BEDNACZYK, RICHARD ENDERS, BO GUESCHEL, MARK BEITER, MARY KEPPLER, ROBERTA KANIVE, TIM PANEK, YELENA BROKHIS, SHERYL ALBERT, FRANK LONGANO, KELLY REMY, MARTHA NEWLON, FRED NAVARRO, J. DAVID KENNEDY, STEVE HAMMOND, LONIE FIGUEROA, JOHN DOMINOSKI, RANDALL PIERCE, SARAH SMITH, DEAN KAO, FLO FADELE, JOHN DOE NOS. 1-2,

        Defendants.

CASE NO. C13-5057 BHS/KLS

ORDER DENYING MOTION FOR PERSONAL SERVICE AND GRANTING EXTENSION

    Before the Court is Plaintiff's Motion to Complete Service. ECF No. 45. Plaintiff requests that the Court order that all unserved defendants be personally served by the U.S. Marshal's office and that the Defendants identify the John Doe defendants listed in Plaintiff's complaint. *Id.* Defendants oppose the motion because all but three of the defendants have been served, Defendants do not have alternate service addresses for the three defendants who have not yet been served, and the John Doe defendants have been identified and counsel is awaiting authorization to appear on their behalf. ECF No. 51.

**DISCUSSION**

At the time this Court ordered service on the named defendants, Plaintiff indicated that all of the Defendants worked either at the Stafford Creek Corrections Center in Aberdeen, Washington or the Washington Corrections Center in Shelton, Washington. See ECF No. 5 at 3-11. According to Defendants, many of these individuals are employed at neither of these facilities and therefore, they would not have received the mailed service of the complaint which in turn caused a delay in their receipt of notification of Plaintiff's lawsuit. ECF No. 51. On March 5, 2013 and July 1, 2013, counsel filed a Notice of Appearance for Defendants Albert, Beiter, Dominoski, Enders, Fidele, Figueroa, Hammond, Kanive, Kao, Kenney, Keppler, Longano, Navarro, Newlon, Panek, Pierce, Remy, Rollins and Smith. ECF Nos. 18 and 49. Therefore, personal service of these individuals is not necessary. Defendants' counsel states that she does not have address or other contact information for Defendants Bednaczyk, Brokhis and Grueschel. ECF No. 51-1, Exhibit 1, Declaration of Candie M. Dibble.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, "an incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long *as the prisoner has furnished the information necessary* to identify the

defendant, the marshal's failure to effect service is "automatically good cause." *Walker*, 14 F.3d at 1422 (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990) (emphasis added). However, where a pro se plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the un-served defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). Defendants state that they do not have a current address or other contact information for Defendants Bednaczyk, Brokhis and Grueschel. Thus, the Plaintiff must furnish the Court with alternate service addresses for Defendants Bednaczyk, Brokhis and Grueschel so that the Court can direct a second attempt at service. The court has no jurisdiction over these defendants until they have been properly served under Fed.R.Civ.P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988).

Plaintiff also argues that Defendants identify the John Doe #1 and John Doe #2 listed in his complaint from the information in Defendants' incident report. Defendants have identified these individuals as Chris Lofgren and Dale Kramp. Counsel requests an additional 45 days before the Court orders service on these individuals as she is currently awaiting authorization to represent them. ECF No. 51-1, Exhibit 1, Dibble Decl. Based on the representations of counsel that service of these individuals may not be necessary, the Court finds that the requested extension is reasonable.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for personal service (ECF No. 45) is **DENIED.** Plaintiff is directed to provide alternate service addresses for Defendants Bednaczyk, Brokhis and Grueschel.

1     (2)    Counsel for Defendants is directed to advise this Court of the status of her

2 representation of Chris Lofgren and Dale Kramp **on or before August 16, 2013.**

3     (3)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

4

5     **DATED** this 10th day of July, 2013.

6

7

8                                     Karen L. Strombom
                                        United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR PERSONAL
SERVICE AND GRANTING EXTENSION- 4