UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES O'NEIL WIGGIN,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ROLLINS, et al.,<br><br>Defendants. | CASE NO. C13-5057 BHS-KLS<br><br>ORDER STAYING DISCOVERY, AND DENYING MOTIONS |

On October 23, 2013, Defendants filed a motion for summary judgment. ECF No. 120 and No. 122 (Notice of Joinder by Defendant Dreyer). On November 4, 2013, Plaintiff James O. Wiggin filed a motion to strike Defendants' motion for summary judgment, a motion for protective order, a motion to expedite hearings[1], and a motion for extension of time. ECF Nos. 124, 125, 126, and 127. Defendants oppose the motions. ECF Nos. 132 and 135. Defendants also filed a motion for a protective order and to stay discovery pending adjudication of their motion for summary judgment. ECF Nos. 131 and 133. Mr. Wiggins filed a response and supporting declaration in opposition to Defendants' motion for summary judgment. ECF Nos. 137 and 138. On November 19, 2013, Defendant Dreyer filed a reply. ECF No. 140.

Having reviewed the motions, responses, and balance of the record, the Court finds that discovery shall be stayed pending resolution of the Defendants' motion for summary judgment. The remaining motions are denied.

---

[1] Motions to shorten time have been abolished. Rule 6(b), Local Rules W.D.Wash. Therefore, the Clerk re-noted Plaintiff's motions accordingly.

ORDER STAYING DISCOVERY AND DENYING
MOTIONS- 1

## BACKGROUND

On May 28, 2010, Mr. Wiggin was injured while he tried to cross the gymnasium when he collided with another offender who was playing handball. ECF No. 108-1, at 9-11. Mr. Wiggin alleges that as a result of the collision, he suffers from a collapsed sinus wall and that due to this injury, he is unable to sleep, has chronic headaches and mental health issues associated with sleep deprivation. In addition, he asserts that the injury has caused him to have a constant parched mouth and eye spasms. *Id.*, at 18. Mr. Wiggin argues the Defendants have all denied him adequate medical care in regards to his collapsed sinus wall and therefore were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. *Id.*, at 25-26. He also alleges that Defendants Lofgren and Kramp, who were on duty, violated his Eighth Amendment rights by failing to provide him with a safe passage across the gymnasium floor. *Id.*, at 25. Mr. Wiggin seeks declaratory relief, an injunction, nominal, compensatory and punitive damages, and costs. *Id.*, at 26-28.

On April 2, 2013, Defendants filed a motion for summary judgment. ECF Nos. 23 and 24. On June 7, 2013, the Court issued an Order staying the motion until the pending discovery was completed. ECF No. 46. Thereafter, Mr. Wiggin amended his complaint and the parties engaged in discovery. ECF No. 32, p. 3.

## DISCUSSION

**A.  Plaintiff's Motions to Strike and for Protective Order (ECF Nos. 124 and 125)**

Mr. Wiggin first seeks to strike Defendants' motion for summary judgment in its entirety. ECF No. 124. However, separate motions to strike entire pleadings are not allowed. See Rule 7(g) Local Rules W.D. Wash. He also seeks a protective order under Fed. R. Civ. P. 26(c) on the grounds that Defendants' filing of dispositive motions is causing him an undue burden. ECF No.

1  125.  Rule 26(c) applies to discovery matters and does not pertain to the filing of dispositive

2  motions.  Therefore, these motions (ECF Nos. 124 and 125) are denied.

3  **B.     Plaintiff's Motion for Extension (ECF No. 127)**

4  Alternatively, Mr. Wiggin seeks a sixty day extension of time to respond to Defendants'

5  motion for summary judgment.  ECF No. 127.  He states that his access to the prison law library

6  and the "machine to view the discovery CD" is limited.  *Id.*  Defendants are opposed to the

7  extension, but requests that if such an extension is granted, that it be limited to the sixty days.

8  ECF No. 132, p. 5.  On November 15, 2013, Mr. Wiggin filed his response and supporting

9  declaration in opposition to the motion for summary judgment.  In his response he states that he

10 has "unresolved issues with discovery and will seek leave to extend the number of

11 interrogatories."  ECF No. 137, p. 10.  In his Affidavit (ECF No. 128) and Declaration (ECF No.

12 129), Mr. Wiggin noted various discovery materials he needs to properly respond to Defendants'

13 pending motion for summary judgment, including (1) typed transcriptions of "illegible

14 handwritten entries" in his medical records; (2) copies of all grievances filed against medical; (3)

15 additional requests for admission for 38 defendants; (4) video tapes from the gym (including

16 those not related to his 2010 injury); and (5) past accident reports, the May 2010 incident report,

17 and blank incident report form.  He asserts that he still needs to obtain unidentified DOC policies

18 "relevant" to his suit and "numerous kites" that he wrote to medical which were not included in

19 Defendants' motion for summary judgment.  In addition, Mr. Wiggin has asked for

20 documentation relating to grievances filed at three separate prisons.  ECF Nos. 128 and 129.

21 Mr. Wiggin has been informed that the surveillance video for May 23, 2010 no longer

22 exists and the transport incident report for 5-23-10 and a blank incident report were made

23 available to him.  ECF No. 132, Exhibit 1, Attachment A.  In response to Mr. Wiggin's request

24 for medical grievances related to the time he was incarcerated at various DOC facilities,

1  Defendants identified over 4,500 potential grievances, which were identified on a 141 page

2  detailed spreadsheet listing all of the medical grievances filed and included the specific type of

3  complaint (i.e. copay issue, diet, dental, etc.).  ECF No. 131-1, pp. 12- 152.

4        According to Defendants, Mr. Wiggin was also provided with copies of many of his

5  medical records with Defendants' original summary judgment motion filed on April 2, 2013,

6  responses to at least 66 separate sets of discovery which included production of at least 741

7  pages of discovery responses, and answers to hundreds of requests for admissions and

8  interrogatories.  In addition, the Defendants have provided supplemental responses to at least six

9  separate sets of discovery requests.  ECF No. 131-1.  Defendants produced responsive

10 documents at no cost (the first 25 pages), at a cost of ten cents per page, or on a CD.  ECF No.

11 132, Exhibit 1.  Thus, it appears that Mr. Wiggin has obtained paper copies of various

12 documents, is waiting to accumulate more credit in his prison account to pay for more paper

13 copies, and has been provided with a CD that contains all of Defendants' document production.

14       Mr. Wiggin fails to identify how the information he still seeks or that he anticipates

15 seeking is relevant to his claims or will reveal facts which will preclude summary judgment.

16 *See* Fed.R.Civ.P. 56(d).  Therefore, the Court will deny the requested extension.  In addition, the

17 Court finds it appropriate to stay discovery pending resolution of the pending motion for

18 summary judgment.

19 **C.     Defendants' Motion for Protective Order/To Stay Discovery (ECF No. 131)**

20       The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*,

21 863 F.2d 681, 685 (9th Cir. 1988).  Upon showing of good cause, the court may deny or limit

22 discovery.  Fed.R.Civ.P. 26(c).  A court may relieve a party of the burdens of discovery while a

23 dispositive motion is pending.  *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended* 906

24 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

In their motion for summary judgment Defendants argue that Mr. Wiggin has failed to demonstrate a constitutional violation and that they are entitled to qualified immunity. Courts have held that discovery normally should not occur until the issue of qualified immunity has been resolved. *DiMartini*, 889 F.2d at 926; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court finds that discovery in this matter should be stayed pending adjudication of the pending dispositive motion.

Accordingly, it is **ORDERED:**

1) Plaintiff's motions to strike, for protective order, to expedite hearings, and for extension of time (ECF Nos. 124, 125, 126, and 127) are **DENIED.**

2) Defendants' motion to stay of discovery (ECF No. 131) is **GRANTED.** All discovery shall be **STAYED** pending adjudication of Defendants' motion for summary judgment.

**DATED** this 22nd day of November, 2013.

Karen L. Strombom
United States Magistrate Judge