UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES O'NEIL WIGGIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM ROLLINS, et al.,<br><br>　　　　Defendants. | CASE NO. C13-5057 BHS-KLS<br><br>ORDER GRANTING MOTION TO STRIKE SURREPLY |

　　　　On October 23, 2013, State Defendants filed a Motion for Summary Judgment. Dkt. 120. On October 24, 2013, Defendant Dreyer joined in the State Defendants' Motion for Summary Judgment. Dkt. 122. On November 15, 2013, Plaintiff filed a Response Brief in Opposition to Defendants' Motion for Summary Judgment. Dkt. 137. On November 19, 2013, Defendant Dreyer filed her Reply in Support of Motion for Summary Judgment. Dkt. 140.

　　　　On November 22, 2013 this Court entered an order staying all discovery pending adjudication of Defendants' Motion for Summary Judgment, denying Plaintiff's Motion to Strike, denying Plaintiff's Motion for a Protective Order, and denying Plaintiff's Motion for an Extension of Time. ECF. No. 143.

　　　　On December 2, 2013, Plaintiff filed a Surreply to Defendant Dreyer's Reply in Support of Motion for Summary Judgment. Dkt. 150. Plaintiff did not file a motion requesting permission to file his surreply, which is eight pages long and does not include any requests to strike material in a brief. Dkt. 150.

Local Civil Rule 7(g) states that a surreply is allowed only when there is a "request to strike material contained in or attached to a reply brief." LCR 7(g). Apart from requests to strike material in a reply brief, surreplies are not permitted. "Extraneous argument or a surreply filed for any other reason will not be considered." LR 7(g)(2). In any event, surreplies "shall not exceed three pages." LR 7(g)(3).

This Court has rejected surreplies when they are improper or do not address requests to strike material. *S.E.C. v. Fuhlendorf,* C09-1292, 2011 WL 999221 (W.D. Wash. Mar. 17, 2011) ("Local Rule 7(g) allows surreplies only for requests to strike material attached to a reply brief; granting motion to strike surreply because the surreply did not seek to strike material in the reply brief); *Atlantic Const. Fabrics, Inc. v. Metrochem, Inc.,* C03-5645BHS, 2007 WL 2963823 (J. Settle, W.D. Wash. Oct. 9, 2007) ("A surreply is to be 'strictly limited to addressing the request to strike'"; denying motion to file substantive surreply); *Neill v. All Pride Fitness of Washougal, LLC,* C08-5424RJI3, 2009 WL 1255101 (W.D. Wash. May 4, 2009) (denying motion to file surreply because it did not move to strike any material contained in or attached to a reply brief).

Plaintiff has not requested to strike any material in Defendant Dreyer's reply brief. Rather, Plaintiff offers <u>only</u> substantive argument. Such argument is not permitted by the rules and should be stricken. Accordingly, it is **ORDERED:**

(1) Defendant Dreyer's motion to strike Plaintiff's surreply (Dkt. 152) is **GRANTED.** Plaintiff's surreply (Dkt. 150) is **STRICKEN.**

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 10th day of December, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING SECOND MOTION TO COMPEL - 2